JUSTICE TRIEWEILER
dissenting:
I also dissent from the opinion of the majority. I concur with Justice Hunt’s conclusion that the majority decision is unfair and does not serve the purposes for which the principle of res judicata was established. However, the majority opinion is also legally incorrect.
The majority concedes that in order to prove that Wfhirry’s claim is barred by res judicata Swanson had to establish, among other things, that the issues adjudicated in the Justice Court were the same issues that Whirry sought to adjudicate in the District Court. Swan *255 son also had to establish that the prior judgment came from a court of competent jurisdiction. In this case, neither element was proven.
Whirry’s action in the Justice Court was solely for the purpose of seeking indemnity for a medical bill from one of the health care providers who had treated her. In the District Court, she sought damages for the remainder of her medical expenses, loss of wages and future earning capacity, pain and suffering, loss of her established course of life, and punitive damages. These claims all presented issues different from those which were litigated in the Justice Court action. Additionally, there was no proof by the defendant, nor any basis in the pleadings for establishing that the Justice Court had jurisdiction to adjudicate these additional claims had they been presented. Pursuant to § 3-10-301(l)(c), MCA, justice cotuts, at the time that this case was litigated, could not consider claims based on injury to the person where the amount in dispute exceeded $3500. In order to grant judgment on the pleadings, it had to be plain from the pleadings that plaintiff’s claim did not exceed that amount in order to establish that the Justice Court had jurisdiction to consider all the issues raised in the District Court action.
The majority concludes that:
It is clear that the essential and fundamental issue in both Whirry complaints against Swanson is Swanson’s negligence in causing the accident and Whirry’s injuries. Determination of this issue is dispositive in both actions. The issue of Swanson’s negligence having been raised and determined in Whirry’s justice court action, we conclude that the identity of issues required for application of res judicata is met.
The majority’s conclusion confuses res judicata with collateral estoppel. The fact that one issue (negligence) was resolved in the previous action does not bar consideration of issues which were not resolved in a subsequent action. It simply means that the defendant is collaterally estopped from denying liability in the second action. The fact that the issue of negligence was previously raised and determined does not address the issue of Whirry’s damages and should not preclude her from raising those issues in a court of competent jurisdiction.
I agree that the majority’s conclusion is unfair. However, I also conclude that it is legally and logically indefensible, and therefore, dissent from the majority opinion.